# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>vs.<br>LUIS CIBRIAN-QUINTERO,<br><br>                    Defendant. | CASE NO. 10cr2447WQH<br>               11cv1229WQH<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Luis Cibrian-Quintero. (ECF No. 82).

## BACKGROUND FACTS

    On June 23, 2010, a grand jury returned a five count indictment charging Defendant with: conspiracy to import marijuana, in violation of 21 U.S.C. §§ 952, 960 and 963; importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2; conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and illegal entry, in violation of 8 U.S.C. § 1326(a) and (b). (ECF No. 10 at 1-3).

    On October 19, 2010, Defendant entered a plea of guilty to Count 2. (ECF No. 51 at 3). Defendant stated at the plea hearing that he understood that no plea agreement existed in the matter and that the sentencing judge would consider, but not be bound by, sentencing

1  guidelines in determining his sentence. *Id.* at 6-7. Defendant stated that he understood that
2  the maximum sentence that could be imposed was 20 years imprisonment, followed by
3  supervised release for three years. *Id.* at 5-6. Defendant further acknowledged that he had
4  not been promised anything to encourage him to plead guilty. *Id.* at 8. The Court found
5  that Defendant's plea of guilty was knowing and voluntary. *Id.* at 11.

6  On November 3, 2010, this Court accepted Defendant's plea of guilty to Count 2 of
7  the indictment. (ECF No. 45).

8  On May 26, 2011, this Court sentenced the Defendant to 84 months imprisonment,
9  to be followed by a term of supervised release of three years. (ECF No. 76).

10  On June 2, 2011, Defendant, represented by counsel, filed a Notice of Appeal from
11  the final judgment to the Court of Appeals for the Ninth Circuit. (ECF No. 79). This
12  direct appeal is currently pending.

13  On June 2, 2011, Defendant, representing himself, filed a motion to vacate, set
14  aside, or correct his sentence under 28 U.S.C. § 2252. Defendant moves the Court to
15  vacate his sentence on the grounds that he was deprived of the effective assistance of
16  counsel. Defendant asserts that counsel advised him that if he pled guilty, "the sentence
17  would be no more than 60 months." (ECF No. 82 at 4)

## ANALYSIS

19  28 U.S.C. § 2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

24  28 U.S.C. § 2255(a).

25  Generally, "[a] district court should not entertain a habeas corpus petition while
26  there is an appeal pending." *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987).
27  Only when the defendant proves the existence of "'extraordinary circumstances' [which]
28  outweigh the considerations of administrative convenience and judicial economy" should a

1  district court consider a § 2255 motion during the pendency of a direct appeal. *United
2  States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (court found that the circumstances were
3  extraordinary because the collateral attack alleged newly discovered facts that "[cast] such
4  a dark shadow on a pivotal aspect of the direct appeal ... [and] that the concerns for justice
5  are best served by prompt inquiry either confirming or dispelling the suspicion of
6  irregularity raised"). A pending direct appeal "severely restricts the filing of a collateral
7  claim with the District Court, to avoid any anomaly associated with the simultaneous
8  consideration of the same case by two courts." *Id*. In some instances, the result of the
9  direct appeal will render the collateral claim moot. *See id.*

10  In this case, Defendant filed his § 2255 motion on the same day that his counsel
11  filed his appeal. Defendant seeks to proceed in two courts to challenge the same judgment.
12  The § 2255 motion challenges the legality of the same sentence currently on appeal to the
13  Court of Appeals for the Ninth Circuit. The circumstances of this case are not
14  extraordinary and this Court will not entertain Defendant's § 2255 motion during the
15  pendency of his appeal.[1]

## CONCLUSION

IT IS HEREBY ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by Defendant Luis Cibrian-Quintero is denied without prejudice to re-file as provided in § 2255(f).

DATED: June 22, 2011

**WILLIAM Q. HAYES**
United States District Judge

---

[1] A one-year statute of limitations applies to a § 2255 motion. 28 U.S.C.A. § 2255(f). The limitation period begins to run on the date of final judgment of conviction. *Id.*